UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAVEL IBARRA GAMBOA,

    Petitioner,

v.　　　　　　　　　　　　　　　　Case No.: 2:26-cv-00555-SPC-NPM

WARDEN,

    Respondent,
_____/

## **OPINION AND ORDER**

Before the Court is a *pro se* Petition for a Writ of Habeas Corpus (Doc. 1), filed by Osleidy Ofarrill on behalf of her domestic partner, Pavel Ibarra Gamboa. The petition challenges the legality of Ibarra Gamboa's continued immigration detention without a bond hearing.

Courts in his district and around the country have found recent changes to ICE policies on bond hearings unlawful as applied in certain situations. *See*, *e.g.*, *Bautista v. Santacruz,* --- F. Supp. 3d ---, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025). But Ofarrill does not provide enough detail for the Court to determine whether the government has violated Ibarra Gamboa's rights. The petition does not include potentially important facts, like when and how he entered the country, his current immigration status, the status of any removal proceedings, and the circumstances of his arrest. Conclusory allegations are

not enough to warrant habeas relief. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011).

Also, Ofarrill does not establish standing to file the petition on Ibarra Gamboa's behalf. "Application for a writ of habeas corpus shall be in writing *signed and verified* by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of that provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a detained person who is unable to seek relief himself, "usually because of mental incompetence or inaccessibility." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. 1t 163. The "next friend" must adequately explain why the detainee cannot appear on his own behalf to prosecute the action, and he must be truly dedicated to the best interests of the detainee. *Id*. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164. The Court is satisfied that Ofarrill is truly dedicated to Ibarra Gamboa's best interest, but she does not state why he cannot file a petition himself.

Finally, the petition does not identify a respondent. A habeas petitioner must state "the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. The immediate

custodian—i.e., the warden of the detention facility—is normally the only proper respondent in a habeas action, but immigration detention is more complicated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to decide whether the Attorney General is a proper respondent to a habeas action filed by an alien pending deportation); *see also Masingene v. Martin*, 424 F. Supp. 3d 1298, 1302 (S.D. Fla. 2020) (finding the director of ICE's local field office is a more appropriate respondent than the warden of a state-run detention facility).

The Court finds that Ibarra Gamboa is not entitled to habeas relief on any ground in his petition. Accordingly, the petition (Doc. 1) is **DISMISSED without prejudice**. Ibarra Gamboa may file an amended petition within **21 days** of this order. Otherwise, the Court will enter judgment and close this case without further notice. If someone other than Ibarra Gamboa seeks to sign an amended petition on his behalf, that person must justify "next friend" status.

**DONE AND ORDERED** in Fort Myers, Florida on March 2, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record