UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAVEL IBARRA GAMBOA,

      Petitioner,

    v.                             Case No.:  2:26-cv-00555-SPC-NPM

WARDEN/DIRECTOR, FLORIDA
SOFT SIDED DETENTION
FACILITY – SOUTH *et al.*,

      Respondents,

_____/

## **OPINION AND ORDER**

Before the Court is Pavel Ibarra Gamboa's Amended Petition for Writ of Habeas Corpus (Doc. 8) and the government's response (Doc. 11).  For the below reasons, the Court grants the petition.

Ibarra Gamboa is a native and citizen of Cuba who entered the United States on May 29, 2021, and was arrested by U.S. Customs and Border Patrol ("CBP").  The next day, a CBP agent issued Ibarra Gamboa an expedited removal order.  Because Ibarra Gamboa expressed fear of persecution or torture if he returned to Cuba, the government scheduled a credible fear interview.  On June 8, 2021, the Department of Homeland Security issued a Notice of Custody Determination and an Order of Release on Recognizance. Both documents explicitly invoke the authority of section 236 of the Immigration and Nationality Act, codified as 8 U.S.C. § 1226.  The Notice

states that Ibarra Gamboa will be released on his own recognizance "pending a final administrative determination in [his] case." (Doc. 8-1 at 6). Ibarra Gamboa has complied with all terms of release, he applied for adjustment of status under the Cuban Adjustment Act, and he has no criminal record.

On November 4, 2025, Ibarra Gamboa reported to U.S. Citizenship and Immigration Services for an appointment relating to his credible-fear claim. Immigration and Customs Enforcement arrested him, and he is currently detained at Alligator Alcatraz. Ibarra Gamboa claims his detention violates the Fifth Amendment.

The respondents argue two sections of the INA strip the Court of jurisdiction over this action. They first points to a provision that bars courts from hearing certain claims. It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This jurisdictional bar is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471,

2

482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General.  Instead, we read the language to refer to just those three specific actions themselves."). "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

The respondents also point to a provision that bars courts from hearing certain claims relating to expedited removal.  It states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review—(i)…any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title, (ii)…a decision by the Attorney General to invoke the provisions of such section, (iii) the application of such section to individual aliens, including the determination made under section 1225(b)(1)(B) of this title, or (iv)…procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title.

8 U.S.C. § 1252(a)(2)(A).  The INA carves out an exception to this jurisdiction-stripping section for habeas actions "limited to the determinations of (A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under [section 1225(b)(1)], and (C) whether the petitioner…is an alien lawfully admitted for permanent residence, has been admitted as a refugee…, or has been granted asylum[.]" *Id.* at § 1252(e)(2).

§ 1252(g) does not strip the Court of jurisdiction here because Ibarra Gamboa does not challenge the commencement of a proceeding, the adjudication of his case, or the execution of a removal order.  § 1252(a)(2)(A) does not apply because Ibarra Gamboa is not challenging any aspect of the expedited removal proceeding.

While the respondents now argue Ibarra Gamboa is subject to mandatory detention under § 1225(b)(1), its own documents say otherwise.  In the Notice of Custody Determination and Order of Release on Recognizance issued under the authority granted by § 1226, DHS announced its decision to release Ibarra Gamboa pending a final decision in his case and set the conditions of that release.  Agencies cannot invent post hoc justifications for their actions when they get to court.  Nor can they simply ignore or reverse prior decisions without explanation.  *See F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 537 (2009) ("[A]n agency's decision to change course may be arbitrary and capricious if the agency ignores or countermands its earlier factual findings without reasoned explanation for doing so.  An agency cannot simply disregard contrary or inconvenient factual determinations that it made in the past, any more than it can ignore inconvenient facts when it writes on a blank slate.").

DHS decided in 2021 that § 1226 governs detention in this case, and it determined that Ibarra Gamboa would be released pending final resolution of

4

his claims, subject to certain conditions. DHS does not claim Ibarra Gamboa has violated any of those conditions, nor does it offer any reason to disregard or depart from its prior custody determination. Ibarra Gamboa is entitled to release under the conditions of the Order of Release on Recognizance.

Accordingly, it is hereby

**ORDERED**:

Pavel Ibarra Gamboa's Amended Petition for Writ of Habeas Corpus (Doc. 8) is **GRANTED.**

(1)    The respondents shall release Ibarra Gamboa within 24 hours of this Order and give him telephone access so he can arrange his transportation from the facility.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 15, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

5